UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gary *Miller*, individually and on behalf of all others similarly situated, | 08 CV 3012 (AKH) |
| Plaintiff, | |
| -against- | |
| Morgan Stanley & Co. Incorporated, | |
| Defendant. | |
| Sharon Shawn *Jamail*, individually and on behalf of all others similarly situated, | 08 CV 3178 (AKH) |
| Plaintiff, | |
| -against- | |
| Morgan Stanley and Morgan Stanley & Co. Incorporated, | |
| Defendants. | |
| James R. *Bartholomew*, individually and on behalf of all others similarly situated, | 08 CV 4910 (AKH) |
| Plaintiff, | |
| -against- | |
| Morgan Stanley and Morgan Stanley & Co. Incorporated, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MORGAN STANLEY AND MORGAN STANLEY & CO. INCORPORATED FOR CONSOLIDATION**

Defendants Morgan Stanley and Morgan Stanley & Co. Incorporated (collectively, "Morgan Stanley") submit this memorandum of law in support of their motion to consolidate all three of the related putative class actions pending in this Court which assert claims against Morgan Stanley in connection with Morgan Stanley's marketing and sale of Auction Rate Securities ("ARS"): *Miller v. Morgan Stanley & Co. Incorporated*, No. 08 CV 3012 ("*Miller*"), *Jamail v. Morgan Stanley & Co. Incorporated*, No. 08 CV 3178 ("*Jamail*"), and *Bartholomew v. Morgan Stanley & Co. Incorporated*, No. 08 CV 4910 ("*Bartholomew*") (collectively, the "ARS Actions"). On May 27, 2008, plaintiffs in the *Jamail* case filed a motion to consolidate the *Jamail* and *Miller* actions, appoint lead plaintiff, and approve their selection of counsel. Morgan Stanley supports plaintiffs' motion seeking to consolidate the *Jamail* and *Miller* actions, but filed this motion because it seeks to consolidate the related *Bartholomew* action, which was filed on May 28, 2008, one day after the plaintiffs in *Jamail* filed their motion to consolidate. In addition, in the event all three ARS Actions are consolidated, Morgan Stanley respectfully requests that a single plaintiff or plaintiff group be appointed to pursue any and all claims on behalf of a class.[1]

## PRELIMINARY STATEMENT

The three ARS Actions filed in this District against Morgan Stanley and/or Morgan Stanley & Co. Incorporated should be consolidated to avoid needless and wasteful duplication of efforts by this Court and the parties, and to prevent the risk of inconsistent outcomes on discovery and other pretrial issues. Although two of the lawsuits allege violations of Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act") and the third alleges violations of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-15(b) (the "IAA") and state

---

[1] Morgan Stanley reserves the right to object to the qualifications of any lead plaintiff in connection with a motion for class certification.

1

law (the "IAA Action" or "*Bartholomew*"), all three ARS Actions concern the same type of securities, purport to be brought on behalf of overlapping classes against the same defendants, and allege the same losses.[2]  The ARS Actions allege that Morgan Stanley and/or Morgan Stanley & Co. Incorporated misrepresented that ARS were highly liquid cash alternatives, failed to disclose the risk that the ARS market could become illiquid, and refused to continue participating in ARS auctions.  In addition, all three actions allege that plaintiffs suffered losses as a result of the illiquidity of the ARS market.

Similarly, five putative class actions relating to ARS were filed against Citigroup Inc. and other Citigroup entities in this District.  One of the law firms that filed the *Bartholomew* complaint pending in this Court also filed a complaint alleging a claim against Citigroup under the IAA (*Stockhamer v. Citigroup, Inc.*, No. 08 Civ. 3904 (LTS) ("*Stockhamer*" or the "Citigroup IAA case")) *before* any plaintiffs filed motions for appointment of lead plaintiff and consolidation.  As a result, one set of plaintiffs that filed an ARS action against Citigroup sought to consolidate the Citigroup IAA case with the four other putative class actions pending against Citigroup, and included the Citigroup IAA case in its motion seeking lead plaintiff status.

On June 25, 2008 Judge Swain consolidated all of the putative ARS class actions pending against Citigroup, including the Citigroup IAA case, appointed one lead plaintiff with respect to "all causes of action asserted in the consolidated cases" and ordered that a consolidated amended complaint be filed.  *See* Declaration of Gregory A. Markel ("Markel Decl."), Ex. A (*In re Citigroup Auction Rate Sec. Litig.*, Master File No. 08 CV 83095, slip op. at 6, 14 (Order of District Judge Laura Taylor Swain Consolidating Cases, Appointing Lead Plaintiff and Approving Selection of Lead Plaintiff's Counsel dated June 25, 2008 ("Citigroup

---

[2] In addition to asserting a claim under Section 10(b), the *Jamail* Complaint also asserts a control person claim under Section 20(a) of the 1934 Act. *Jamail* Cplt. ¶¶ 56-58.

Consol. Order")).[3]  Judge Swain determined that the parties might be prejudiced by a failure to consolidate. *Id.* at 4-5.

Consolidating the ARS Actions against Morgan Stanley would also promote judicial economy because the allegations concerning Morgan Stanley referred to above will result in substantial overlap in the cases. Consolidation would avoid significant duplication of discovery and any resulting motion practice. Given the similarities between the cases, allowing the IAA Action to proceed separately merely because it alleges claims that are not subject to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA"), would unnecessarily burden the parties, witnesses, and this Court.

Moreover, Morgan Stanley intends to move to dismiss any consolidated amended complaint, and will move to dismiss any complaint that is not consolidated. To the extent any claims survive a motion to dismiss, Morgan Stanley intends to oppose class certification. Since each of the three ARS Actions asserts claims on behalf of a putative class of individuals who purchased ARS from Morgan Stanley, consolidation is appropriate to allow plaintiffs to file a single motion to certify a class.[4]

## STATEMENT OF FACTS

On March 25, 2008, the *Miller* plaintiffs filed their complaint in this District on behalf of a putative class of individuals who purchased ARS from Morgan Stanley between

---

[3] *See also* Markel Decl., Ex. B (Tr. of the Hr'g. Concerning the Appointment of Lead Plaintiff, Applications for Appointment of Lead Plaintiffs' Counsel and for Consolidation held before District Judge Laura Taylor Swain on June 24, 2008 ("Citigroup Consol. Hr'g. Tr.") at 40-41).

[4] Morgan Stanley intends to oppose class certification, in part on the basis that plaintiffs fail to meet their burden to establish that "questions of law or fact common to class members predominate over any questions affecting only individual members" as is required under Federal Rules of Civil Procedure 23(b)(3). While the allegations and factual background of these cases are similar, each of the ARS complaints raises many individualized issues of fact demonstrating that class certification is not appropriate.

March 25, 2003 and February 13, 2008. *Miller* Cplt. ¶ 1. The complaint asserts a claim pursuant to Section 10(b) of the 1934 Act against Morgan Stanley & Co. Incorporated.

On March 31, 2008, the *Jamail* plaintiffs filed their complaint in this District on behalf of a putative class of individuals who purchased ARS from Morgan Stanley between March 31, 2003 and February 13, 2008. *Jamail* Cplt. ¶ 1. Like the *Miller* complaint, the *Jamail* complaint asserts a claim pursuant to Section 10(b) of the 1934 Act against Morgan Stanley & Co. Incorporated. It also asserts claims against Morgan Stanley under Sections 10(b) and 20(a) of the 1934 Act. The *Jamail* action was referred to this Court as possibly related to the *Miller* action on March 31, 2008, and formally assigned to this Court on April 14, 2008.

On May 27, 2008, plaintiffs in both the *Miller* and *Jamail* actions filed competing motions for appointment of lead plaintiff and lead counsel. The plaintiffs in the *Jamail* action also moved to consolidate the *Miller* and *Jamail* actions on the basis that the actions involve the same defendants, similar allegations, and substantially similar issues of law and fact.

On May 28, 2008—one day after the *Miller* and *Jamail* plaintiffs filed their motions—the *Bartholomew* plaintiffs filed a complaint on behalf of a putative class of individuals who purchased ARS from Morgan Stanley until February 13, 2008. *Bartholomew* Cplt. ¶ 4. The complaint asserts claims pursuant to the IAA and under state law. Like the *Miller* and *Jamail* complaints, it bases its claims on Morgan Stanley's alleged misrepresentation of ARS as highly liquid cash alternatives, failure to disclose the risk that the ARS market could become illiquid, and refusal to continue participating in ARS auctions. *Miller* Cplt. ¶¶ 4, 6, 37; *Jamail* Cplt. ¶¶ 2-4; *Bartholomew* Cplt. ¶¶ 2, 25-27, 32. In addition, each of the three complaints alleges that plaintiffs suffered losses as a result of illiquidity in the ARS market. *Miller* Cplt. ¶¶ 7-8; *Jamail* Cplt. ¶ 4; *Bartholomew* Cplt. ¶ 4. The *Bartholomew* action was initially assigned to Judge Denny Chin, but was reassigned to this Court on June 6, 2008.

## ARGUMENT

### POINT I
### THE ARS ACTIONS SHOULD BE CONSOLIDATED BECAUSE THEY INVOLVE COMMON ISSUES AND ALLEGATIONS

Federal courts have broad discretion to consolidate actions which involve "a common question of law or fact." Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). The ARS Actions involve certain common allegations and questions of law and therefore should be consolidated. All three actions are brought against Morgan Stanley & Co. Incorporated. The *Jamail* and *Bartholomew* complaints also name as a defendant Morgan Stanley, the parent corporation of Morgan Stanley & Co. Incorporated. All three actions are brought on behalf of essentially the same class of plaintiffs who purportedly purchased ARS from Morgan Stanley from March of 2003 through February of 2008. *Miller* Cplt. ¶ 1; *Jamail* Cplt. ¶ 1; *Bartholomew* Cplt. ¶¶ 4, 25.[5] All three complaints allege that Morgan Stanley deceptively marketed ARS as highly liquid cash alternatives, and failed to disclose both their liquidity risks and that Morgan Stanley's participation in the auction process was critical to its success. *Miller* Cplt. ¶¶ 3, 5; *Jamail* Cplt. ¶¶ 2-3; *Bartholomew* Cplt. ¶¶ 2, 25-27. Moreover, each complaint contains allegations that Morgan Stanley, among other broker-dealers, was responsible for the failure of ARS auctions, which purportedly caused the illiquidity of the ARS market and resulted in plaintiffs' alleged damages. *Miller* Cplt. ¶¶ 6, 8; *Jamail* Cplt. ¶ 4; *Bartholomew* Cplt. ¶¶ 4, 32-33. Similar overlaps in allegations resulted in the consolidation of the Citigroup actions by Judge Swain.

---

[5] The *Bartholomew* complaint purports to assert claims on behalf of a class, but does not define a class period. *See, e.g., Bartholomew* Cplt. ¶ 24. The complaint does, however, allege that "[b]eginning on or about February 13, 2008" Morgan Stanley ceased all ARS participation, which resulted in the class's purported damages. *Id.* ¶ 4. Therefore, the class period in the *Bartholomew* complaint appears, at the very least, to overlap with the class periods alleged in the *Miller* and *Jamail* complaints, because it also concludes in February, 2008.

## POINT II
## CONSOLIDATION WILL SERVE THE INTERESTS OF JUDICIAL ECONOMY AND PREVENT PREJUDICE TO THE PARTIES

Courts in this Circuit have stated that considerations of judicial economy favor consolidation. *Johnson*, 899 F.2d at 1285. It is well-recognized that consolidation of actions "often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs." *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007). Here, considerations of judicial convenience and economy, as well as preventing undue burden on the parties' resources and the risk of inconsistent adjudications, far outweigh any possible prejudice resulting from consolidation. *See Johnson*, 899 F.2d at 1285.

Given the striking similarities of the allegations in the three ARS Actions, allowing the IAA case to proceed separately would unduly burden the parties and needlessly waste judicial resources. All three cases were filed recently and none has progressed beyond the filing of a complaint. No discovery has been conducted in any of the cases. Therefore, consolidation will not disrupt the progress of any of the actions. Since the ARS Actions were each brought by the same class of plaintiffs, against the same defendants, and are based on many common allegations, much of the discovery in the actions as well as much of the discovery-related and other motion practice would be duplicative. Such duplication would unduly burden this Court, the defendants and any witnesses.

In light of these considerations of judicial economy, any "[d]ifferences in causes of action, defendants or the class periods do not render consolidation [of the ARS Actions] inappropriate." *Kaplan*, 240 F.R.D. at 91-92 (consolidating cases despite differences in alleged

class periods because actions shared common patterns of allegations and legal questions).[6] Although the class periods alleged in each of the actions are not identical,[7] such minor differences do not militate against consolidation given the overwhelming similarities. *See id.* at 91.

Moreover, the fact that the *Bartholomew* complaint alleges IAA and state law claims, while the *Miller* and *Jamail* actions allege only 1934 Act claims, does not weigh against consolidation because all three actions are based on many of the same allegations. Courts have found it appropriate to consolidate actions despite differences in the alleged causes of action where the actions involve common allegations. *See Pinkowitz v. Elan Corp.*, No. 02 Civ. 865, PLC, 2002 U.S. Dist. LEXIS 14593, at *15 n.4 (S.D.N.Y. July 29, 2002) (consolidating an action alleging claims pursuant to the Securities Act of 1933 with other actions alleging claims pursuant to the 1934 Act because they involved common questions fact). For example, as noted above, Judge Swain consolidated five putative class actions brought against Citigroup in this District in connection with the marketing and sale of ARS in the interest of judicial economy. *See* Markel Decl., Ex. A (Citigroup Consol. Order).

Judge Swain consolidated the cases despite opposition from the plaintiffs in the Citigroup IAA case (*Stockhamer*),[8] who, unlike the plaintiffs in the other actions filed against Citigroup, did not bring 1934 Act or any other claims subject to the PSLRA. The *Stockhamer* plaintiffs argued that consolidation would prejudice them. Judge Swain rejected their arguments

---

[6] The fact that the *Jamail* and *Bartholomew* actions name as defendants both Morgan Stanley and Morgan Stanley and Co. Incorporated, while the *Miller* action names as defendant only Morgan Stanley and Co. Incorporated does not affect the propriety of consolidation. *See Kaplan*, 240 F.R.D. at 91.

[7] *Miller* Cplt. ¶ 1; *Jamail* Cplt. ¶ 2; *Bartholomew* Cplt. ¶ 4; *see supra* note 5.

[8] As noted above, one of the law firms that represents the plaintiffs in the *Bartholomew* action against Morgan Stanley also represents the plaintiffs in the *Stockhamer* action against Citigroup.

as unpersuasive and, instead, determined that the "other parties may be prejudiced by a failure to consolidate" (Markel Decl., Ex. A (Citigroup Consolidation Order at 4-5)), if for example "the maintenance of separate actions led to premature or piecemeal discovery or premature litigation of common factual issues."  Markel Decl. Ex. B (Citigroup Consol. Hr'g. Tr. at 22-23).  The Morgan Stanley ARS Actions should also be consolidated.

## CONCLUSION

For the foregoing reasons, Morgan Stanley respectfully requests that this Court consolidate the ARS Actions.

Dated:   July 2, 2008

Respectfully submitted,

**CADWALADER, WICKERSHAM & TAFT LLP**

By: /s/ Gregory A. Markel
    Gregory A. Markel
    Ronit Setton
    One World Financial Center
    New York, New York 10281
    Telephone:  (212) 504-6000
    Facsimile:  (212) 504-6666

***Attorneys for Defendants Morgan Stanley and Morgan Stanley & Co. Incorporated***